Case 4:24-cv-04054   Document 9   Filed on 02/27/25 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
February 28, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KIMBERLY TAIKO MOYERS, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:24-CV-04054 |
| § | |
| CITY OF CONROE, TX, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

### I.  INTRODUCTION

Pending before the Court is the defendant's, City of Conroe, Texas ("Conroe") motion to dismiss the plaintiff's lawsuit pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. No. 4). The plaintiff, Kimberly Taiko Moyers ("Moyers"), has filed a response to the defendant's motion (Dkt. No. 6), and the defendant has filed a reply (Dkt. No. 7). After reviewing the motion, the pleadings, the relevant exhibits, and the applicable law, the Court determines that the defendant's motion should be **GRANTED**.

### II.  FACTUAL BACKGROUND

On May 16, 2022, Kimberly Taiko Moyers, a 100% disabled U.S. Navy veteran, arrived at the Conroe Veteran Affairs clinic for a scheduled dental appointment arranged through Senator Jon Tester's office. Accompanied by her husband and one year old daughter, she checked in but was confronted by VA police officer V. Garrett, who claimed

she could only be there for a life-threatening emergency. Despite her explanation of her VA healthcare rights, Officer Garrett called the Conroe Police Department.

At 10:00 a.m., Officer A. Rodriguez arrived and ordered Moyers to leave. When she reiterated her right to treatment, Rodriguez arrested her. Moyers was jailed for 36 hours, during which time she was allegedly denied food and water, worsening her pre-existing shoulder injury that she suffered after being handcuffed. She also contends that jail officers also aggravated her dental pain while inspecting her mouth.

As a result, Moyers' dental care was delayed nine months, causing prolonged suffering. She alleges that her wrongful arrest and denial of care stem from a VA policy restricting healthcare access. She seeks $10,000,000 in damages for pain, suffering, mental anguish, and reputational harm.

### III.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes a motion to dismiss for "failure to state a claim upon which relief can be granted." Under the demanding standards of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996). Dismissal is appropriate only if the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A court's review may include the allegations in the complaint and any documents attached to a

defendant's motion to dismiss, if they are both referred to in the complaint and central to the claims. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

## IV.   ANALYSIS & DISCUSSION

Moyers' claims arise under 42 U.S.C. § 1983 and are therefore governed by the two-year statute of limitations applicable to personal injury claims in Texas. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). She concedes that the events giving rise to her claims including her arrest and injury occurred in May 2022. Thus, the statute of limitations required that she is to file her lawsuit no later than May 2024. However, she did not initiate this action until October 2024, well beyond the statutory period.

Moyers' assertion that she only recently became aware of an alleged unconstitutional policy, does not serve to toll the limitations period. Equitable tolling is a narrowly applied doctrine available only in exceptional circumstances where the plaintiff was prevented from pursuing her from filing her lawsuit due to extraordinary circumstances. See *Crostley v. Lamar Cty., Tex.*, 717 F.3d 410, 421 (5th Cir. 2013). The Fifth Circuit Court of Appeals has made it clear that a plaintiff is put on notice of a claim when she experiences the alleged injury. See *Hitt v. Connell*, 301 F.3d 240, 246 (5th Cir. 2002).

Here, even if Moyers was not aware of the alleged constitutional violation at the time of her arrest and had every opportunity to investigate and file suit within the two-year limitations period. Her argument that she lacked knowledge of an internal police policy does not excuse her failure to file on time.

The expiration of the statute of limitations provides a clear and dispositive basis for dismissal. As Moyers' claims are time-barred, the Court need not reach additional arguments regarding the insufficiency of her allegations. Accordingly, Conroe's motion to dismiss is **GRANTED**.

It is so **ORDERED**.

SIGNED on February 27, 2025, at Houston, Texas.

_____
Kenneth M. Hoyt
United States District Judge